SHALLUS v. UNITED STATES.

(Circuit Court, D. Maryland. December 14, 1903.)

1. CUSTOMS DUTIES—CLASSIFICATION—HAIR SWEEPINGS—SUBSTANCE FOR MANURE—WASTE.

Certain waste of hog hair, consisting of sweepings in factories, which is used solely in the manufacture of artificial fertilizers, although not suitable in its imported condition for use as fertilizer, is subject to classification under Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 569, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1684], providing for "substances used only for manure," and not as "waste, not specially provided for," under paragraph 463 of said act (section 1, Schedule N, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1679]).

Appeal by the Importer from a Decision of the Board of United States General Appraisers.

Note Magone v. Heller, 150 U. S. 70, 14 Sup. Ct. 18, 37 L. Ed. 1001.

T. Spence Creney, for appellant.

John C. Rose, for the United States.

MORRIS, District Judge (orally). This is an appeal by Frank H. Shallus, the importer, from a decision of the Board of General Appraisers dated November 19, 1902, overruling the protest of the importer, and affirming the action of the collector. The merchandise in question is principally pig or hog hair, and is the accumulation of sweepings in mills at which curled hair is manufactured, and in some cases of

the sweepings of brush factories. It contains a large per cent. of dust, scruff, and some particles of the skin of the hog or other animal from which the hair was taken. It was assessed for duty at the rate of 10 per centum ad valorem under paragraph No. 463 of the tariff act of July 24, 1897 (chapter 11, § 1, Schedule N, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1679]), as "waste, not specially provided for." It is claimed by the importer to be free of duty under paragraph No. 569 of said act (section 2, Free List, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1684]), which paragraph is one of the subparagraphs in the free list, and reads as follows: "569. Guano, manures, and all other substances used only for manure."

There was no question here, as there was none before the Board of Appraisers, that the article would be a valuable ingredient for the manufacture of artificial fertilizers. The Board of General Appraisers, however, found that, in order that such merchandise should be held to be within the provisions of paragraph No. 569, it was necessary that the importer show that the sole use of it was as such ingredient. At the hearing before the board the importer offered no evidence, and consequently the action of the collector was affirmed. In this court, the importer, availing himself of his right under the statutes, has taken evidence, and has shown without contradiction that the importation is valueless for any other purpose except as an ingredient for an artificial fertilizer. The government, however, contends that the language of paragraph 569, properly construed, does not include substances which by themselves cannot be used for manures, but is limited to those substances which can, in the state in which they are imported, be used only as manure. With this contention I do not concur. I am of opinion that the framers of the law, in providing as they did in section 569 that the articles included under that section should be admitted free of duty, wished to encourage agriculture, or at all events were desirous that no unnecessary burden should be placed upon it. It would therefore seem that the section should be so construed as to give effect to its obvious purpose. Where, as in this case, the testimony conclusively establishes that the article brought into the country has no other use or value except that of forming, together with other things, a manure, it seems to me to be within both the spirit and letter of paragraph 569. The decision of the Board of General Appraisers should therefore be reversed, and the protest of the importer sustained.