## WILBUR-ELLIS CO. ET AL. *v.* UNITED STATES (No. 4280)[1]

United States Court of Customs and Patent Appeals, January 4, 1940

*Lawrence & Tuttle (George R. Tuttle* of counsel) for appellants.

*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney, of counsel), for the United States.

[Oral argument December 12, 1939, by Mr. Tuttle and Mr. Spector]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from two separate judgments of the Third Division of the United States Customs Court (C. D. 153 and Abstract 41147) holding certain fish cake or scrap, imported at the ports of Los Angeles and San Francisco, California, and Seattle, Washington, dutiable at 10 per centum ad valorem as waste, not specially provided for, under paragraph 1457 of the Tariff Act of 1922, as assessed by the collectors at those ports, rather than free of duty as substances

[1] C. A. D. 90.

used chiefly for fertilizer, under paragraph 1583 of that act, as claimed by the importers (appellants).

The paragraphs in question read:

PAR. 1457. Waste, not specially provided for, 10 per centum ad valorem.

PAR. 1583. Guano, basic slag, ground or unground, manures, and all other substances used chiefly for fertilizer, not specially provided for: *Provided*, That no article specified by name in Title I shall be free of duty under this paragraph.

Due to the views we hold, other issues raised in appellants' protests, although not waived here by counsel for appellants, need not be considered and, therefore, are not set forth.

It appears from the record that in each of the two cases, the trial court had before it the fish cake here involved, and, in addition thereto, fish meal, which is produced by grinding like or similar fish cake.

In its decision (C. D. 153) the trial court found from the evidence of record that, at the time of its importation and immediately prior thereto, the fish meal belonged to a class of "meals" chiefly used for fertilizer, and, accordingly, held that it was not dutiable as waste under paragraph 1457, *supra*, as assessed by the collectors, but was free of duty as a substance used chiefly for fertilizer under paragraph 1583, *supra*. Relative to the involved fish cake, the court stated in its decision that "In respect to the importations of fish cake or fish scrap, we are unable to find that the evidence is sufficient to establish that *in its imported condition* it is suitable for use or generally used throughout the United States either as a fertilizer or for feeding purposes" (italics ours), and, accordingly, overruled the protests as to such merchandise.

In its decision (Abstract 41147) the trial court referred to the fact that the record in C. D. 153 was introduced in evidence and made a part of the record in the case then under consideration, and held, on the authority of its decision (C. D. 153), that the fish meal was free of duty under paragraph 1583, *supra*, and that the fish cake or scrap was dutiable under paragraph 1457, *supra*.

The Government did not appeal from that portion of the judgments below holding that the fish meal was free of duty under the provision for "all other substances used chiefly for fertilizer" contained in paragraph 1583, *supra*.

It appears from the testimony of appellants' witnesses Thomas George Franck and Brayton Wilbur that fish cake of the kind here involved is sometimes used as fertilizer, and that, in its imported condition, it has no other use.

We think it is clear from the record that fish cake of the kind here involved, although sometimes used in its imported condition as fertilizer, is usually ground into the form of meal, and, in that form, is used chiefly for fertilizer and belongs to a class of "meals" chiefly so used.

It is argued here by counsel for the Government that the involved fish cake should be classified in accordance with its condition and uses at the time of its importation; that, in its imported condition, it does not belong to a class of substances chiefly used for fertilizer; and that, as it is a waste, it is dutiable as such under paragraph 1457, *supra*. It is conceded by counsel, however, that it is well settled that imported substances used chiefly in the manufacture of fertilizer by being mixed with other substances are free of duty as substances used chiefly for fertilizer. See *Magone* v. *Heller*, 150 U. S. 70; *Kubie & Co.* v. *United States*, 12 Ct. Cust. Appls. 468, T. D. 40668.

In those cases it appeared that the substances under consideration were merely mixed with other substances in the manufacture of fertilizer. However, in the case of *United States* v. *Wakem & McLaughlin*, 13 Ct. Cust. Appls. 37, T. D. 40867, it appeared, according to the decision in that case, that the tankage there involved, after importation, was *"piled in a pile and the fibrous matters * * * forked out"* (italics not quoted); that *the imported material was then ground;* and that, *in its ground form, was used in the manufacture of fertilizer.* It further appeared in that case that the *"nonfibrous portions"* were *"ground, treated, mixed, and * * * used both for fertilizer and feed."* (Italics not quoted.) The tankage there involved was assessed by the collector as a nonenumerated manufactured article under paragraph 1459 of the Tariff Act of 1922. The Board of General Appraisers (now the United States Customs Court) held on the record there presented that the merchandise was free of duty under the provisions of paragraph 1583, *supra*. This court affirmed the judgment of the trial court, and in so doing, among other things, said:

The importer contends that the importation involved in this case, *in the condition imported,* is not used for feed, and that, because of that fact, it should be classified as substances used chiefly for fertilizer. We are therefore called upon to determine in this case whether Congress, in paragraph 1583, meant used chiefly for fertilizer in its imported condition or whether it meant that the commodity should go chiefly into fertilizer after importation.

\* \* \* \* \* \* \*

If we were to apply the test to the merchandise *as imported,* we do not think the record would disclose that the importation, or importations of similar character, were chiefly used for fertilizer. *The evidence may show that the importation chiefly goes into the manufacture of fertilizer, or, after being sorted and treated, is used for fertilizer* [italics in this sentence supplied]. While there is convincing evidence in the record to indicate that the importation, or identical importations, were used chiefly for feed, we are not inclined to disturb the majority findings of the board upon this point, since it had the opportunity of considering the evidence first hand and may have been justified, by the weight of the evidence, in holding that the importation, or similar importations, were used chiefly for fertilizer.

It is urged by the importer that, if the importation is not tested as to its use in the condition as imported, it will necessitate the administration officials' following the importation into commerce.

Classifying merchandise for customs duties in accordance with the use to which it is put after importation is not new in customs law, and the rules are fairly well settled. Chemical analysis and definite·characteristics may not be controlling in determining the use to which a commodity may be put, but they at least are important in many cases in determining the use. The use made of similar commodities is certainly proper evidence. The use to which other articles differing in characteristics, chemical analyses and use, though they may belong to the same general class as the importation, certainly should not be controlling.

  *    *    *    *    *    *    *

If the weight of evidence in this case discloses that the chief part of the importation, which is waste, went into the manufacture of fertilizer, we think it should have the free list classification regardless of any showing that the merchandise *as imported* was not so used.—*Shallus* v. *United States*, 129 Fed. 845; *Magone* v. *Heller*, 150 U. S. 70.

It is evident from our decision in the *Wakem & McLaughlin* case, *supra*, that the mere fact that the involved fish cake (which, in its imported condition, is sometimes used as fertilizer, and which, in that condition, has no other use) must be ground into the form of meal before it may be mixed with other materials in the manufacture of fertilizer does not preclude its classification as a substance used chiefly for fertilizer under paragraph 1583, *supra*.

It clearly appears from the record that the involved and like fish cake, except such portion as is used in its imported condition as fertilizer, is ground into the form of meal, and, in that form, is chiefly used in the manufacture of fertilizer. We are of opinion, therefore, that the involved fish cake is entitled to free entry under the provisions of paragraph 1583, *supra*.

For the reasons stated, the judgments of the trial court, holding the involved merchandise dutiable at 10 per centum ad valorem as waste under paragraph 1457, *supra*, are *reversed*, and the cause *remanded* for proceedings consistent with the views herein expressed.